United States District Court
Southern District of Texas

**ENTERED**
September 20, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PROUDLION IP LLC, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:23-cv-02050 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MONTBLANC NORTH | § | |
| AMERICA LLC, | § | |
| Defendant. | § | |

**OPINION AND ORDER
GRANTING MOTION TO DISMISS**

Plaintiff ProudLion IP, LLC, alleges in this action that Defendant Montblanc North America, LLC, directly and indirectly infringed its patent with respect to a technology that allows the selectable alteration of the user interface of mobile phones and other portable computing devices. Dkt 1. Referred to as *the '389 Patent*, it specifies twenty claims, but the parties agree that Claim 1 is representative. See Dkts 10 at 2 & 23 at 7–8; see also Dkt 22-1 at 14 (specifying Claim 1).

Montblanc manufactures smartwatches equipped with a touchscreen, and ProudLion alleges that its configuration infringes the '389 Patent. Dkt 1. Montblanc brought a motion at the outset of this action to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 9. The motion was granted upon finding that the claims of the '389 Patent, as then pleaded, were directed to an abstract idea and didn't claim any inventive concept sufficient to confer patent eligibility on the claimed abstract idea. Dkt 20. The complaint was dismissed without prejudice, with ProudLion ordered to file an amended complaint "that includes express, factual

allegations consistent with the intrinsic record of the '389 Patent that support its position under both steps of *Alice Corporation v CLS Bank International*, 573 US 208 (2014). Specifically, the amended complaint should include express, factual allegations consistent with the intrinsic record of the '389 Patent that address whether the claims recite elements that are well-understood, routine, or conventional." Id at 1.

ProudLion filed its amended complaint slightly beyond the ordered deadline. Dkt 22. Pending is a renewed motion by Montblanc, maintaining its same grounds for dismissal that (i) by law, the claims of the patent are invalid because they aren't eligible patentable subject matter under 35 USC §101, and (ii) ProudLion failed to plausibly allege direct or indirect patent infringement. Dkt 23.

ProudLion recently had pending in the Southern District of Texas a complaint asserting this exact patent and set of claims as against another smartwatch manufacturer. See *ProudLion, LLC v Movado Group, LP*, Civ No 4:23-cv-2052. Judge Andrew S. Hanen there ruled on a motion to dismiss presenting the exact issues presented here. Indeed, counsel appearing there are identical to action here, with the briefing also being substantially the same. In sum, Judge Hanen determined that ProudLion failed to state a claim for infringement because it pleaded only scant facts as to Movado and its allegedly infringing product, with a supporting chart showing nothing other than screenshots of a website with conclusory assertion of infringement. Civ No 4:23-cv-2052, Dkt 22 at 8–10. He dismissed on that basis. And, given that ruling, he declined to rule on whether the '389 Patent is directed to an abstract idea rendering it invalid. Id at 10.

The amended complaint in this action is the same in every material respect. Nothing useful could be added to the analysis and reasoning supporting the decision by Judge Hanen. The reasoning in his decision is thus adopted here in full, towards the same result.

The motion by Defendant Montblanc North America, LLC, to dismiss is GRANTED. Dkt 23.

The claim by Plaintiff ProudLion IP, LLC, for infringement is DISMISSED WITHOUT PREJUDICE. Repleading in that respect will not be allowed.

Montblanc may now move for affirmative summary judgment on its counterclaim, if desired, or otherwise state its remaining intentions in this action. Such filing must be made by October 11, 2024.

SO ORDERED.

Signed on September 19, 2024, at Houston, Texas.

*CREskridge*
Hon. Charles Eskridge
United States District Judge